HOSCH BROTHERS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2450.  Promulgated February 15, 1944.

OPINION.

MURDOCK, *Judge*: The taxes in controversy are income tax of $3,505.45 and declared value excess profits tax of $535.86 for 1941. The only issue is whether the Commissioner erroneously applied section 24 (b) to disallow deductions for losses realized from sales by petitioner to two of its stockholders. The facts have been stipulated.

The petitioner is a corporation doing business in Gainesville, Georgia. The record does not show where it filed its returns.

It sold, on December 15, 1941, 20 shares of Bellmore Manufacturing Co. stock to H. W. Hosch for $1,000. Its basis for gain or loss on that stock was $2,000.

It sold on the same day 250 shares of Robinson's, Inc., stock to H. C. Hosch for $10,000. Its basis for gain or loss on that stock was $25,000.

The petitioner, on its returns for 1941, claimed losses of $1,000 and $15.000 based upon the two sales. The Commissioner denied the deductions on the ground that the purchaser in each case owned, directly or indirectly within the meaning of section 24 (b) of the Internal Revenue Code, more than 50 percent of the stock of the petitioner.

The oustanding stock of the petitioner at the time of these sales was owned as follows:

| | Shares |
|---|---:|
| J. H. Hosch, Sr | 570 |
| H. C. Hosch, son of J. H. Hosch, Sr | 70 |
| J. H. Hosch, son of J. H. Hosch, Sr | 27 |
| J. Alton Hosch, son of J. H Hosch, Sr | 5 |
| H. W. Hosch, son of J. H. Hosch, Sr | 6 |
| L. W. Hosch, brother of J. H. Hosch, Sr | 137 |
| R B. Hosch, brother of J. H. Hosch, Sr | 176 |
| Mrs. W. R. Hightower, sister of J. H. Hosch, Sr | 31 |
| Estate of Wm. H. Hosch | 125 |
| Mrs. Theo. Horn (no relation of the Hoschs') | 50 |
| Ownership unaccounted for | 13 |
| Total | 1, 210 |

Section 24 (b) (1) (B) of the Internal Revenue Code disallows a deduction for a loss resulting from a sale by a corporation to an individual who owns, directly or indirectly, more than 50 percent of its stock. Section 24 (b) (2) (B) provides that for the purpose of paragraph (1) "an individual shall be considered as owning the stock owned" by his family. The family includes, *inter alia*, brothers and father. The family of purchaser H. W. Hosch would include his father and his three brothers. Those five persons owned directly 678 shares of the stock of the petitioner, the seller, and those shares were more than 50 percent of its stock. A similar situation existed in regard to the sale to H. C. Hosch. Thus, each sale was made under circumstances described in section 24 (b) (1) (B) as calling for a disallowance of the deduction to which the seller otherwise would be entitled.

The petitioner makes no contrary contention and by its silence concedes that each sale, viewed separately, was within the statutory prohibition. It states in effect that if both H. W. and H. C. are to be considered as owning constructively the same family shares at the same time, there will be a violation of the Fifth Amendment to the Constitution in that the tax will be taken indirectly from the other corporate owners without due process of law. It also states that the Commissioner's application of the statute is contrary to the provisions of section 24 (b) (2) (E). These contentions are not developed in the brief and are not supported by reason or by citation of authorities.

(2) (E) provides that "stock constructively owned by an individual by reason of the application of subparagraph (B) or (C) shall not be treated as owned by him for the purpose of again applying either of such subparagraphs in order to make another the constructive owner of such stock." This means that in determining the stock owned by any individual purchaser, the statute is applied to him alone and is not first applied to his brother or some other person in his family

group to see how much that person owned indirectly or constructively. Thus, we take the case of H. W. Hosch and determine how much he may be considered to own, and then separately we take the case of H. C. Hosch and determine how much he may be considered to own. If the wife of one had owned some stock it would be included in the stock owned by her husband, but it would not be included in the stock attributed to her brother-in-law. But in the present case there is no such complication. The family group consists only of brothers and their father, and the same family stock can be attributed to both H. W. and H. C. under (2) (B). Consequently, a sale to one does not fail to come within the prohibition of the section merely because there was likewise a sale to the other. If this were not so, the statute could be avoided with ease and its obvious purpose defeated.

The petitioner states that the statute as construed by the Commissioner is unconstitutional. This is a serious charge calling for citation of authority, demonstration, or both. The petitioner fails to provide either.

*Decision will be entered for the respondent.*